By the Court.—Freedman, J.
This is an appeal from a judgment and an order,entered at special term, overruling the demurrer interposed by the plaintiff to that part of the answer of the defendant Tighe, which sets up as a defense the discharge of the defendant, Thompson, under the United States Bankrupt Act. The action was brought in 1872, by the plaintiff, on behalf of himself and all other creditors of the defendant Thompson, on December 1, 1865, who might in due time come in; and its object is to compel an accounting by the defendant Tighe, as the assignee of Thompson, for the benefit of credi tors.
The most material allegations of the complaint are, *271 in substance, that on December 1 and 2, 1865, under the laws of this State, Thompson executed an assignment for the benefit of his creditors to Tighe ; that by the terms of the assignment, Tighe was directed to sell the assigned property and convert it into money, and with the proceeds thereof to pay in full the debts and liabilities existing against Thompson on December 1, 1865, provided there should be sufficient funds for that purpose, and in case there should not be sufficient funds, then to apply the proceeds pro rata to the payment of such debts and liabilities, in proportion to their respective amounts ; and in case of a surplus remaining after the payment of such debts and liabilities, to return the same to the assignor; that the notes described in the complaint, amounting together to over $7,000, were legal debts and liabilities, existing against Thompson at the dare of the assignment; that Tighe took possession of the assigned property under said assignment, and converted the same into money ; that he realized therefrom the sum of $90,569.94, and that out of this he paid dividends to creditors, amounting in the aggregate to only $8,415.71, of which $334.72 only were paid on account of the notes set forth in the complaint.
To this complaint Tighe interposed, among other things, the defense in bar, that, on July 6,1871, Thompson applied for, and on December 9, 1871, obtained a discharge in bankruptcy, and a copy of said discharge is set forth in full.
To this defense the plaintiff demurred, on the ground that it was no defense as to the defendant Tighe.
In my opinion the demurrer was well taken and should have been sustained on the merits.
Except in a few instances specifically enumerated, but which have no application to the case at bar, the bankrupt act, while it was in force, preserved the rights of creditors by mortgage, pledge or other lien upon the property of the bankrupt, whether created *272 by his act or by operation, of law, and the assignee in bankruptcy took the property subject to such mortgages, pledges or other liens (Jerome v. McCarter, 94 U. S. [4 Otto] 734; Yeatman v. Savings Institution, 95 U. S. [5 Otto] 764). And the same courts remained open to the creditors for the enforcement of such vested rights, that were open to them before (Eyster v. Gaff, 91 U. S. [1 Otto] 521).
An assignment for the benefit of creditors, made by an insolvent debtor under the laws of a State, in good faith, without intent to defeat the object, impair or impede the operation, or evade any of the provisions of the bankrupt act, and which transferred all his property without preferences, was not in violation of the spirit and intent of the bankrupt act and consequently was not void per se (Thrasher v. Bentley, 59 N. Y. 649 ; Haas v. O’ Brien, 66 Id. 597; Mayer v. Hellman, 91 U. S. [1 Otto] 496). To remove all doubt upon this point, Congress, by chapter 234, passed July 26,1876, expressly enacted that no voluntary assignment by a debtor of all his property, made in good faith for the benefit of all his creditors, ratably and without creating any preference, and valid according to the law of the State where made, should of itself be a bar to the discharge of such debtor.
In the case at bar as presented by the pleadings it is manifest that Thompson, by the assignment, divested himself absolutely of the assigned property, except as to surplus, and the assigned property became in equity the property of his creditors. Tighe, though the legal title became vested in him for the purposes of the execution of the trust, was constituted only the legal agent for the disposition of the property according to the terms and for the purposes of the assignment, and as such he is accountable to the beneficiaries under the trust. In a suit to compel such an accounting it can be no answer for him to say that, since the assign *273 ment, the assignor has been discharged under the bankrupt act from the indebtedness to secure which the assignment was made. If the claim now advanced by Tighe in that respect were sound, if the beneficiaries under the trust have not a vested interest in the assigned property and the proceeds thereof, what is to become of the property and its proceeds % Certain it is that neither the property nor the proceeds went into the hands of the assignee in bankruptcy. This being so, can it be then that Tighe can keep the proceeds and appropriate them to his own use, or do they revert back to the assignor as a discharged bankrupt without an execution of the trust % The bare statement of the proposition carries with it its refutation. The only effect the discharge pleaded can have in this case, is to discharge Thompson from any balance of indebtedness that may remain after the application of the assigned property and its proceeds by Tighe to the purposes specified in the assignment. The case of the Ocean Bank v. Olcott (46 N. Y. 12), does not sustain the claim made here. In that case the creditors had no lien, but by action brought after the debtor’s discharge in bankruptcy they sought to establish one, under the statute of uses and trusts, against real property held by the debtor's wife, by insisting that said property had been paid for out of moneys ‘ belonging to the debtor, and that the title to it had been taken by, and in the name of, the wife, in fraud of creditors. The court held that the statute referred to does not give a specific lien upon the property, but an equitable right, to be enforced by suit in equity, after all available legal remedies are exhausted ; that the commencement of the equitable action and the filing of a Us pendens .are necessary to constitute alien; and .that, as it appeared, that, before the commencement of the action, the judgment or debt which constituted the foundation of it had been extinguished, and the relation of debtor and *274 creditor terminated, and the discharge being conclusive upon the State courts, the action would not lie.
The foregoing considerations being decisive of the main question involved, it is unnecessary to consider whether the discharge relied upon was sufficiently well pleaded in point of form.
The judgment and order appealed from should be reversed with costs, and an order entered, awarding judgment to the plaintiff on the demurrer, with costs.
Curtis, Ch. J., concurred.